UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GANESHWAR CHAND,
Plaintiff,

v.

TODD M. LYONS, et al.,
Defendants.

Case No. 26-cv-04171-PCP

**ORDER DENYING SECOND AMENDED PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. No. 27

Ganeshwar Chand is a Fijian national who was detained on May 6, 2026, and removed to Fiji on May 27, 2026, pursuant to a final order of removal. U.S. courts generally do not have jurisdiction to grant habeas after a noncitizen has been removed from the United States, but the Ninth Circuit has recognized a "rare exception" when "a noncitizen [has been] unlawfully removed to a foreign country." *Juarez v. Noem*, 2026 WL 799976, at *4 (E.D. Cal. Mar. 23, 2026) (discussing *Singh v. Waters*, 87 F.3d 346 (9th Cir. 1996)). Chand has not shown that he was unlawfully removed to Fiji.

Chand contends that his removal was unlawful because, on March 22, 2022, UCSIS approved Chand's Form I-360, Petition for Amerasian, Widow(er), or Special Immigrant under the Violence Against Women Act (VAWA). *See* Dkt. No. 27 ¶ 22.[1] The Violence Against Women Act provided for, among other provisions, the VAWA self-petition, effectuated in Form I-360, which lays out a pathway for qualifying noncitizens who are victims of abusive family members to self-petition for family-based immigrant visas and other immigration benefits such as deferred action or work authorization. *Immigr. Ctr. for Women & Children v. Noem*, 351 F.R.D. 324, 351

[1] Chand filed a Form I-485 to adjust his status but withdrew the form on July 16, 2026. Starrett Decl. ¶ 4, Exh. 3.

United States District Court
Northern District of California

(C.D. Cal. 2026) [*ICWC*].

An approved VAWA self-petition does not *by itself* grant deferred action on removal (or work authorization). The self-petition only makes an individual "*eligible* for deferred action and work authorization." *See* 8 U.S.C. 1154(a)(1)(D)(i)(II), (IV); *Enriquez v. Barr*, 969 F.3d 1057, 1060 (9th Cir. 2020), *withdrawn on other grounds*, 988 F.3d 1210 (Mar. 1, 2021) ("When a VAWA self-petition is approved, the self-petitioner and his dependent children included in the petition become eligible for deferred action and work authorization.").

Chand argues that his removal was contrary to 2021 ICE guidance deferring action to VAWA self-petitioners like him, and therefore arbitrary and capricious under the Administrative Procedure Act. Dkt. No. 30, at 3.[2] The problem with Chand's argument is that ICE's 2021 guidance did not provide that VAWA self-petitioners automatically receive deferred action. Chand paraphrases the guidance as stating that "when a noncitizen has an approved VAWA petition or a prima facie determination on such a petition, ICE will, absent exceptional circumstances, defer enforcement action against that individual." Traverse at 1. But the ICE guidance does not explicitly say that it will, as a matter of course, defer action on noncitizens with only approved I-360 self-petitions. To be certain, some of the 2021 guidance's language is very broad, explaining that to "facilitate access to justice" to noncitizen victims of crime, "absent exceptional circumstances, ICE will refrain from taking civil immigration enforcement action against known beneficiaries of victim-based immigration benefits and those known to have a pending application for such benefits." ICE Directive 11005.3, Using a Victim-Centered Approach with Noncitizen Crime Victims (Dec. 2, 2021) at 1–2; *see also ICWC*, 351 F.R.D. at 350 & n.5. But given that the I-360 petition did not grant Chand any legal entitlements aside from eligibility to apply for other benefits, and that ICE itself recognized that deferred action would not be appropriate in at least some circumstances, the 2021 policy cannot be said to have given Chand an unqualified right to deferred action.

[2] ICE changed the policy in 2025, but a district court stayed that change in 2025 in *Immigration Center for Women & Children v. Noem*, 351 F.R.D. 324 (C.D. Cal. 2026), so the 2021 guidance remains in place.

United States District Court
Northern District of California

Accordingly, Chand has not shown that ICE's removal of him violated its own internal rules. And absent such a showing, the Court lacks jurisdiction over his habeas petition. The Court therefore denies Chand's second amended petition for a writ of habeas corpus for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated: September 28, 2026

P. Casey Pitts
United States District Judge